UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICKY McCOMB
1406 Sheridan Street, N.W.
Washington, D.C. 20060,

        Plaintiff,

   v.                              No. 14-cv-_____

OFFICER J.P. ("GOOFY") ROSS
(Badge No. 3316)
MPD Third District Station               JURY TRIAL DEMANDED
1620 V Street, N.W.
Washington, D.C. 20009,

LIEUTENANT CHRISTOPHER AVERY
(Badge No. L-320)
MPD Third District Station
1620 V Street, N.W.
Washington, D.C. 20009,

OFFICER PARKER
(Badge No. 4081)
MPD Third District Station
1620 V Street, N.W.
Washington, D.C. 20009,

OFFICER JOHN DOE
MPD Third District Station
1620 V Street, N.W.
Washington, D.C. 20009,

     and

DISTRICT OF COLUMBIA
c/o Office of the Attorney General
441 4th Street, N.W.
Washington, D.C. 20001,

        Defendants.

**COMPLAINT**

Seeking damages for police misconduct: violation of rights under the
Constitution of the United States and the law of the District of Columbia

## INTRODUCTION

1. On February 1, 2013, Plaintiff Ricky McComb was arrested on a D.C. street corner pursuant to a warrant. At a police station, a group of Metropolitan Police Department (MPD) officers surrounded Mr. McComb as one told him to drop his pants and then probed repeatedly in his rectum, without probable cause or reasonable suspicion to believe that contraband was hidden there. No contraband was found. The officers' actions violated Mr. McComb's rights under the Fourth Amendment to the Constitution of the United States and constitute assault, battery, and intentional infliction of emotional distress under the laws of the District of Columbia. Mr. McComb accordingly seeks compensatory and punitive damages from the officers and the District, as well as attorneys' fees, costs and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). Mr. McComb brings this action under 42 U.S.C. § 1983 to vindicate his rights under the Fourth Amendment to the United States Constitution. His claims under the common law of the District of Columbia arise from the same events as his constitutional claim and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The events giving rise to plaintiff's claims occurred in the District of Columbia.

## PARTIES

4. Plaintiff Ricky McComb is an adult resident of the District of Columbia.

5. Defendant Officer J.P. Ross, also known as "Goofy," Badge No. 3316, is a sworn officer employed by the MPD. At the time of the events at issue he was acting within the scope of his employment. He is sued in his individual capacity.

6. Defendant Lieutenant Christopher Avery, Badge No. L-320, is a sworn officer employed by the MPD. At the time of the events at issue he was acting within the scope of his employment. He is sued in his individual capacity.

7. Defendant Officer Parker, Badge No. 4081, is a sworn officer employed by the MPD. At the time of the events at issue he was acting within the scope of his employment. He is sued in his individual capacity.

8. Defendant Officer John Doe is a sworn officer employed by the MPD. At the time of the events at issue he was acting within the scope of his employment. He is sued in his individual capacity. Plaintiff believes Officer Doe may be named Hoover or Howard.

9. Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C., and operates and governs the MPD pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendants Ross, Avery, Parker, and John Doe.

**FACTS**

10. On February 1, 2013, at approximately 4:00 p.m., MPD officers arrested Mr. McComb in the vicinity of 1730 7th Street, N.W., on an outstanding arrest warrant.

11. Shortly thereafter, Officer Ross arrived. Officer Ross parked his squad car on the street and searched Mr. McComb for weapons and contraband. No weapons or contraband were found.

12. Mr. McComb was transported to the Third District police station. At the station, Officer Ross informed Mr. McComb that he was going to be strip-searched. Mr. McComb objected.

13. Officer Ross went to get a Lieutenant's approval for the strip search. Officer Ross returned with Lt. Avery, and together with Officer Parker they escorted Mr. McComb into a room with a desk. Officer John Doe was already in the room. Events in that room are recorded from several angles by video cameras.

14. Lt. Avery specifically approved the infliction of a physical body cavity search on Mr. McComb.

15. Once in the room, one officer held Mr. McComb's arms (which were handcuffed behind his back) while Lt. Avery and Officer Doe stood close by. Officer Ross, kneeling or crouching behind Mr. McComb, pulled Mr. McComb's pants and underwear down, exposing Mr. McComb's genitalia and buttocks. One officer then said, "You can do it or we can do it."

16. Mr. McComb replied, "Man, I'll do it myself." He then spread his buttocks cheeks and said, "See, I told y'all there was nothing there!"

17. Officer Ross, wearing a latex glove, then stuck his index finger through Mr. McComb's anus and into Mr. McComb's rectum, thrusting his finger back and forth several times and wiggling it around. Mr. McComb protested and cried out.

When Officer Ross removed his finger, Mr. McComb began weeping.  No contraband or weapon was found in Mr. McComb's rectum.

18. Officer Parker escorted Mr. McComb to a holding cell, with Officer Ross walking behind.  Officer Ross laughed at Mr. McComb's emotional distress.

19. Once in the cell, Mr. McComb asked to be taken to a hospital, telling a Sergeant that an officer had molested him and that his stomach and ass were hurting. He told a second Sergeant that an officer had raped him.

20. Officer Ross returned to the holding cell with a property sheet for Mr. McComb to sign.  Officer Ross was smirking at Mr. McComb's continued distress.

21. An officer at the Third District police station filled out an "Arrestee's Injury/Illness Report" (PD 313).  Mr. McComb was then taken to Howard University Hospital, where he was treated for rectal bleeding and abdominal and rectal pain. Hospital records show that Mr. McComb was given 30 mg. of Toradol, a nonsteroidal anti-inflammatory drug, and four mg. of Zofran, which prevents nausea and vomiting. Mr. McComb was also given a prescription for 20 Anusol HC 25 mg. suppositories (Rectal), a medication used to treat itching and swelling in the rectum.  He was discharged at about 2:30 a.m. on February 2, 2013, and transported to the MPD Central Cell Block.

22. On February 2, 2013, Mr. McComb was presented before a judicial officer at D.C. Superior Court and released on his own recognizance.

23. Shortly after the incident, Mr. McComb filed a written complaint with the Internal Affairs Bureau of the Metropolitan Police Department.  His report was also audio recorded.

24. On or about February 13, 2013, Mr. McComb submitted a complaint regarding his treatment to the District of Columbia Office of Police Complaints. His complaint is indexed as OPC Complaint No. 13-0166. The Office of Police Complaints referred the complaint to the United States Attorney's Office for possible prosecution of the officer(s) involved in the incident.

25. On or about May 22, 2013, Mr. McComb responded to a grand jury subpoena and testified before a Superior Court grand jury about the events described above. Mr. McComb and the grand jury were shown video recordings of the incident at the police station.

26. On information and belief, there is a custom or practice in the Metropolitan Police Department of subjecting certain arrestees to physical body cavity searches at District stationhouses, despite clear MPD policy prohibiting such a practice. This custom or practice is evidenced by the fact that a lieutenant approved such a search in this case, that the search was conducted by several officers in a room known to be surveilled by video cameras, and that the Arrestee's Injury/Illness Report completed by a supervisory officer, and signed by the Watch Commander, stated that "Lt. Avery did not witness any inappropriate actions by MPD members."

27. Officers Ross, Parker, Doe, and Lieutenant Avery acted intentionally or recklessly and with deliberate disregard of Mr. McComb's constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

28. At the time of these events, MPD General Order PCA-502.01 and MPD Circular 03-15 strictly prohibited officers from conducting physical body cavity searches like the one inflicted upon Mr. McComb. Under MPD regulations, such

searches may be conducted only when there is probable cause to believe that a prisoner has weapons, contraband or evidence secreted in a body cavity, must be authorized by an Assistant District Commander or higher, and may be performed only by a physician in a private area at a hospital.

29. At the time of these events, the law was clearly established that a police officer must have probable cause and a search warrant to perform a physical body cavity search, absent exigent circumstances.

30. No reasonable police officer could have believed that there was probable cause to perform a physical body cavity search of Mr. McComb at the time Mr. McComb was searched.

31. No reasonable police officer could have believed that there were exigent circumstances justifying a physical body cavity search of Mr. McComb at the time Mr. McComb was searched.

32. Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Officers Parker and Doe knowingly and intentionally failed to intercede to prevent the violation of Mr. McComb's rights.

33. Mr. McComb suffered physical injury and pain as a result of Defendants' conduct.

34. Mr. McComb suffered extreme and severe emotional distress as a result of Defendants' conduct. Mr. McComb continues to suffer emotional distress as a result of Defendants' conduct.

35. Mr. McComb has been subjected to ridicule and disparagement of his manhood by people he thought were his friends, as a result of his having been subjected to the physical body cavity search described above.

36. Written reports prepared by the Metropolitan Police Department in the regular course of duty, including, but not limited to, the "Arrestee's Injury/Illness Report" (PD 313), and reports made to and by the MPD Internal Affairs Bureau, provided the District of Columbia with notice sufficient to satisfy the requirements of D.C. Code § 12-309.

## CLAIMS FOR RELIEF

### Claim I: Violation of Fourth Amendment Rights
### (Defendants Ross, Avery, Parker, and Doe)

37. The actions of Defendants Ross, Avery, Parker, and Doe, described above, violated Mr. McComb's right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

38. Defendants Ross, Avery, Parker, and Doe are jointly and severally liable to Mr. McComb for this violation of his rights, pursuant to 42 U.S.C. § 1983.

### Claim II: Violation of Fourth Amendment Rights
### (Defendant District of Columbia)

39. Defendant District of Columbia is liable for Mr. McComb's damages under *Monell v. Department of Social Services*, 436 U.S. 658, 701 (1978), due to the MPD's custom and practice of performing body cavity searches on pretrial detainees without probable cause or a warrant, by untrained non-medical personnel, and in non-private circumstances.

### Claim III: Assault and Battery
### (Defendants Ross, Avery, Parker, and Doe)

40. Defendants' actions, described above, constituted assault and battery under the law of the District of Columbia.

41. Defendants Ross, Avery, Parker, and Doe are jointly and severally liable to Mr. McComb for this violation of his rights under the law of the District of Columbia.

### Claim IV: Assault and Battery
### (Defendant District of Columbia)

42. Defendant District of Columbia is liable under the doctrine of *respondeat superior* for the damages inflicted upon Mr. McComb by the assault and battery committed by its agents Ross, Avery, Parker, and Doe while acting within the scope of their employment as MPD officers and on behalf of and in the interests of their employer.

### Claim V: Intentional Infliction of Emotional Distress
### (Defendants Ross, Avery, Parker, and Doe)

43. The actions of Defendants Ross, Avery, Parker, and Doe towards Mr. McComb, described above, were so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

44. Defendants' actions towards Mr. McComb, described above, constituted intentional infliction of emotional distress under the law of the District of Columbia.

45. Defendants Ross, Avery, Parker, and Doe are jointly and severally liable to Mr. McComb for this violation of his rights under the law of the District of Columbia.

### Claim VI: Intentional Infliction of Emotional Distress
### (Defendant District of Columbia)

46. Defendant District of Columbia is liable under the doctrine of *respondeat superior* for the intentional infliction of emotional distress upon Mr. McComb committed by its agents Ross, Avery, Parker, and Doe while acting within the scope of their employment as MPD officers and on behalf of and in the interests of their employer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) RULE that the actions of Ross, Avery, Parker, and Doe violated his rights under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding him compensatory damages against all defendants in an amount appropriate to the evidence adduced at trial;

(c) ENTER JUDGMENT awarding him punitive damages against defendants Ross, Avery, Parker, and Doe in an amount appropriate to the evidence adduced at trial;

(d) ENTER JUDGMENT awarding him his costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1988; and

(e) GRANT him such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury.

                Respectfully submitted,

                */s/ Arthur B. Spitzer*
                Arthur B. Spitzer (D.C. Bar No. 235960)
                artspitzer@aclu-nca.org

                */s/ Frederick V. Mulhauser*
                Frederick V. Mulhauser (D.C. Bar No. 455377)
                fmulhauser@aol.com

                American Civil Liberties Union
                  of the Nation's Capital
                4301 Connecticut Avenue, N.W., Suite 434
                Washington, D.C. 20008
                Tel. 202-457-0800
                Fax 202-457-0805

                Counsel for Plaintiff[*]

January 31, 2014

---

[*] Zachary Britton, a 2013 graduate of the Georgetown University Law Center, assisted in the preparation of this complaint.