**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RICKY MCCOMB,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-0157 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| **OFFICER J.P. ROSS,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OFFICER J.P. ROSS'S ANSWER TO COMPLAINT**

Defendant Officer J.P. Ross ("Officer Ross") hereby answers Plaintiff's Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs in the Amended Complaint, Officer Ross answers as follows:

**INTRODUCTION**

1.      Officer Ross admits that on February 1, 2013, Plaintiff was arrested on a D.C. street corner pursuant to a warrant. Officer Ross denies that at a police station, a group of Metropolitan Police Department (MPD) officers probed repeatedly in Plaintiff's rectum, but does admit that a squat-search of Plaintiff took place. Officer Ross denies that the officers lacked probable cause or reasonable suspicion to believe that Plaintiff was hiding contraband. The remainder of the allegations in Paragraph 1 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, Officer Ross denies the same.

## JURISDICTION AND VENUE

2. The allegations of Paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3. The allegations of Paragraph 3 of the Complaint contain legal conclusions to which no response is required.

## PARTIES

4. Officer Ross lacks sufficient factual basis to admit or deny the allegations of Paragraph 4 of the Complaint.

5. Officer Ross admits only that he is a sworn officer employed by the MPD, but denies that he is "also known as 'Goofy.'" The remaining allegations of Paragraph 5 of the Complaint contain legal conclusions to which no response is required.

6. The allegations of Paragraph 6 of the Complaint relate to a Defendant other than Officer Ross, or contain legal conclusions to which no response is required.

7. The allegations of Paragraph 7 of the Complaint relate to a Defendant other than Officer Ross, or contain legal conclusions to which no response is required.

8. Officer Ross lacks sufficient factual basis to admit or deny the allegations of Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 of the Complaint contain legal conclusions to which no response is required.

## FACTS

10. Officer Ross admits the allegations of Paragraph 10 of the Complaint.

11. Officer Ross admits the allegations of Paragraph 11 of the Complaint.

12. Officer Ross admits that Plaintiff was transported to the Third District police station, but denies that he told Plaintiff he was going to be strip-searched. Officer Ross admits that Plaintiff objected to being subjected to a squat search.

13. Officer Ross denies that he sought approval from Lieutenant Avery for a strip search, but admits that approval was sought and received for a squat search. Officer Ross further admits that he, Lt. Avery and Officer Parker escorted Plaintiff into a room with a desk. Officer Ross lacks a sufficient factual basis to admit or deny that "Officer John Doe was already in the room." Officer Ross denies that "[e]vents in that room are recorded from several angles by video cameras," and admits only that one stationary surveillance camera recorded images in that room.

14. Officer Ross denies the allegations in Paragraph 14 of the Complaint.

15. Officer Ross admits only that one officer held Plaintiff by his right arm, and that Plaintiff's arms were handcuffed behind his back. Officer Ross denies the remaining allegations of Paragraph 15 of the Complaint.

16. Officer Ross denies the allegations of Paragraph 16 of the Complaint.

17. Officer Ross denies the first three sentences of Paragraph 17 of the Complaint. The District admits only that no contraband or weapon was found during Plaintiff's squat search, but denies that Plaintiff's rectum was ever searched.

18. Officer Ross admits only that Officer Parker escorted Plaintiff to a holding cell, and denies the remaining allegations of Paragraph 18 of the Complaint.

19. Officer Ross admits only that Plaintiff requested medical treatment for his hemorrhoids, and denies the remaining allegations of Paragraph 19 of the Complaint.

20. Officer Ross admits only the first sentence of Paragraph 20 of the Complaint, and denies the second sentence of Paragraph 20 of the Complaint.

21. Officer Ross lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint.

22. Officer Ross admits the allegations of Paragraph 22 of the Complaint.

23. Officer Ross admits the allegations of Paragraph 23 of the Complaint.

24. Officer Ross admits the allegations of Paragraph 24 of the Complaint.

25. Officer Ross lacks sufficient facts to admit or deny the allegations of Paragraph 25 of the Complaint.

26. Officer Ross denies the allegations of Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Officer Ross denies the same.

28. Officer Ross admits that MPD General Order 502.01 and MPD Circular 03-15 strictly prohibit members from conducting physical body cavity searches, but deny that Plaintiff was subjected to such a search. Officer Ross admits the remaining allegations of Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies that a body cavity search was conducted on Plaintiff.

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies that a body cavity search was conducted on Plaintiff.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies that a body cavity search was conducted on Plaintiff.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies that Officers Parker and Doe knowingly or intentionally failed to intercede to prevent the violation of Plaintiff's rights.

33. Officer Ross denies the allegations of Paragraph 33 of the Complaint.

34. Officer Ross denies the allegations of Paragraph 34 of the Complaint.

35. Officer Ross denies the allegations of Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

## CLAIMS FOR RELIEF

### Claim I:  Violation of Fourth Amendment Rights
### (Defendants Ross, Avery, Parker and Doe)

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

### Claim II:  Violation of Fourth Amendment Rights
### (Defendant District of Columbia)

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

### Claim III:  Assault and Battery
### (Defendants Ross, Avery, Parker, and Doe)

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

### Claim IV: Assault and Battery
### (Defendant District of Columbia)

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

### Claim V: Intentional Infliction of Emotional Distress
### (Defendants Ross, Avery, Parker, and Doe)

43. Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

### Claim VI: Intentional Infliction of Emotional Distress
### (Defendant District of Columbia)

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Officer Ross denies the same.

Officer Ross denies that Plaintiff is entitled to judgment and the other relief sought in the "PRAYER FOR RELIEF" and "WHEREFORE" sections of Page 10 of the Complaint. Officer Ross further denies any other allegation in the Complaint not specifically admitted above.

### Third Defense

Officer Ross denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom. Officer Ross further denies that Plaintiff is entitled to any relief whatsoever.

**Fourth Defense**

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

**Fifth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

**Sixth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

**Seventh Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

**Eighth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Tenth Defense

Officer Ross asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Eleventh Defense

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Twelfth Defense

Plaintiff has failed to mitigate his damages.

### Thirteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Fourteenth Defense

Plaintiff has failed to satisfy the requirements of D.C. Code § 12-309.

### Fifteenth Defense

Plaintiff is not entitled to punitive damages.

Officer Ross reserves the right to amend his Answer to the Amended Complaint and to raise any additional defenses that the evidence in discovery may reveal.

## **Jury Demand**

Officer Ross hereby demands a trial by jury, with the maximum number of jurors as permitted by law.

WHEREFORE, having fully answered the complaint filed herein, Officer Ross prays that the same be dismissed, and that he recover its costs of suit expended herein.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN [430388]
Chief, Civil Litigation Division Section III

*/s/ Shana L. Frost*
SHANA L. FROST [458021]
Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
shana.frost@dc.gov